Porter, J.
delivered the opinion of the court. This was an action alleging fraud and deceit in the sale of a slave.
The defendant pleaded that he had not concealed the defects in the property.
After the cause had stood at issue on these pleadings, for two years, and had been once *640 remanded from this court for a new trial, the appellant moved to amend his answer: first, ^ striking out the plea originally filed by him, and substitutingin its place, the general issue: and secondly, by adding the general issue to the plea. The court refused permission to do so, and he excepted. There was judgment against him and he appealed.
East’n District.
June, 1822.
There is no doubt of the general principle that amendments will be allowed at almost any stage of the cause, when they tend to the advancement of justice. But we doubt much if that offered here comes within the rule. The court below certainly did not possess the right of depriving one party of the confession of another which was on record, any more than it could have refused him the benefit of it, in case it had been extrajudicial, if made through mistake, the proper time to have corrected the error, would have been on the trial.
As to filing the general issue with the plea, it could not have been of any use to the de* fendant. The confession would still have remained in force. We have already said in the case of Nagel vs. Minot, 8 Martin, 488, that a party cannot be permitted to plead the ge *641 neral denial, and pleas that are inconsistent with it, and that if he did, the former would be disregarded. ©
Workman for the plaintiff, Davezac for the defendant.
We agree with the district judge on the merits, and therefore order, adjudge and decree, that his judgment be affirmed with costs.